STATE OF CONNECTICUT *v.* FREIDA O'NEIL

REVIEW DIVISION OF THE SUPERIOR COURT

Decided December 28, 1959

*John F. James,* of Bridgeport, for the defendant.

*Lorin W. Willis,* state's attorney, for the state.

BY THE DIVISION. The defendant, age thirty-six, was found guilty, after a trial by jury, of a violation of the Uniform State Narcotic Drug Act and then pleaded guilty to a charge of being a second offender. The sentence was to state prison for not less than ten nor more than fourteen years. The minimum sentence under this charge was not less than ten nor more than fifteen years and a fine of not less than $2000 nor more than $5000 or both. General Statutes §§ 19-246, 19-265 (later amended by Public Acts 1959, No. 485, §§ 1, 2).

On April 17, 1959, police searched the room of one Raymond Andrade and found twenty-four packages of heroin and the usual equipment used for the injection of drugs. The defendant was in the room at the time and in her hand was found a burned bottle cap which contained traces of heroin. She had been living with him for about a week and knew him to be a drug addict. Her previous arrest for possession of narcotics was in 1956.

Defendant claims the penalty is excessive since she was not a seller. The only function of the Re-

view Division is to review the sentence imposed by the court. It has no powers of pardon or parole. The sentence imposed was the minimum one permitted under the statute under which the defendant was charged. The change in penalty provided by Public Acts 1959, No. 485, § 2, does not affect the penalty incurred prior to its effective date. See General Statutes § 1-1; *Dortch* v. *State,* 142 Conn. 18, 29.

While the board of pardons may well consider the implications of the change in statutory penalty for the offense made subsequent to the commission of the offense, that is not a proper function of this board. The sentence imposed by the court should stand.

House, Devlin and Loiselle, Js., participated in this decision.